WILLIAM FREEMAN, JR., *versus* WILLIAM MOREY, Jr.

Proof that a letter, addressed to one of the parties, was deposited in the post office, and the postage paid, raises no *legal* presumption that it came into the possession of the person to whom it was addressed, so as to make secondary evidence of its contents admissible; as is allowed, in case of notice, to charge parties to negotiable paper.

CASE, for alleged breach of contract. Plea, general issue. The action comes up on EXCEPTIONS by plaintiff, and also on his motion to set aside the verdict, which was for defendant, as being against law and evidence. At the trial, the plaintiff introduced evidence tending to show that defendant contracted to furnish, before a specified time, the iron work, castings, &c., for a mill he was building at Cherryfield in the year 1854; that defendant failed to perform the contract, and thereby the plaintiff suffered damage. The defendant contended, that he had fulfilled the contract made by him, and introduced evidence tending to show this. Several questions of law were presented by the bill of exceptions, which were elaborately argued, but the result to which the Court arrived, in considering one of them, renders further notice of the others unnecessary.

The defendant gave seasonable notice to plaintiff to pro-

duce at the trial all letters he had received from him, relating to the matter in suit.

*J. Granger,* for plaintiff.

*Bradbury* and *Walker,* for defendant.

The opinion of the Court was drawn up by

CUTTING, J.— The case finds that "the presiding Judge ruled, if defendant shows that the letters were deposited in the post office and the postage paid, it would be presumed that the plaintiff received them." And, thereupon, the defendant testified that "he could not give the dates of the letters, but that he wrote two or three letters to the plaintiff, the purport of which was, that he could not get castings to do plaintiff's work, and that, if he wanted his work done, he must furnish the castings, and that they were deposited in the post office and the postage paid." This evidence was objected to, among other reasons, because the defendant did not prove that "the letters had come into the plaintiff's possession." The materiality of the contents of the letters is not controverted; and hence the question arises, as to whether the defendant had laid a sufficient foundation for the introduction of secondary evidence, by showing the original letters to have been left at the office and the postage paid; or, in other words, whether, under such circumstances, the law would presume that the plaintiff had received them.

At common law, under like circumstances, such a presumption is unknown. Formerly, and until regulated by statute and the custom of merchants, notices deposited in the post office, to charge parties to negotiable paper, were insufficient. *Ransom* v. *Mack,* 2 Hill, 587. And, in this State, until the statute of 1835, proof that letters were written and directed to the overseers of the poor, through the same medium, unless accompanied by evidence of their acceptance, was not admissible to establish the statute notice to charge the defendant town; and not, even at the present time, unless there be also proof of their arrival at the office of delivery. The ruling

complained of was then in derogation of the. common law, and is not sustained by the relaxation of that rule in relation to commercial paper or the pauper laws of the State.

*Exceptions sustained, verdict set aside and a new trial granted.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.